UNITED STATES DISTRICT COURT 

DISTRICT OF CONNECTICUT

DONALD GLOVER

v.

DEPARTMENT OF CORRECTION, et al.

PRISONER
Case No. 3:02cv1953 (AVC)(TPS)

## RULING AND ORDER

Plaintiff seeks appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. For the reasons set forth below, plaintiff's motion is denied without prejudice.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). Plaintiff has attached letters from two legal clinics declining assistance. In addition, he has attached a letter from an attorney at Inmates' Legal Assistance Program. The attorney noted that plaintiff failed to include with his request for assistance a copy of his complaint or any documentation substantiating his allegations. She indicated that, without this documentation, she cannot determine whether plaintiff can state a *prima facie* case of deliberate indifference to a serious medical need and, thus, whether the Program can provide legal assistance. Plaintiff does not indicate that he has supplied any further evidence. Thus, the court cannot determine whether plaintiff is able to obtain legal assistance on his own.

Plaintiff's motion for appointment of counsel [**doc. #20**] is **DENIED** without prejudice as premature.

**SO ORDERED** this 28th day of October, 2003, at Hartford, Connecticut.

_____
Thomas P. Smith
United States Magistrate Judge