FILED

UNITED STATES DISTRICT COURT

2003 NOV 17 P 2: 27

DISTRICT OF CONNECTICUT

US DISTRICT COURT
HARTFORD CT

DAVID GLOVER                         :
                                     :                PRISONER
    v.                               : Case No. 3:02CV1953(AVC)(TPS)
                                     :
DEPARTMENT OF CORRECTION, et al.[1]  :


## RULING ON DEFENDANTS' MOTION TO DISMISS

Plaintiff David Glover ("Glover") is an inmate currently
confined at the Osborn Correctional Institution in Somers,
Connecticut.  He brings this civil rights action pro se pursuant
to 28 U.S.C. § 1915.  Glover alleges that the defendants forcibly
injected him with psychotropic medication at the time of his
criminal trial thereby preventing him from assisting in his
defense or appeal and continued to require him to take
psychotropic medications until 2001.  He seeks declaratory relief
only.  The defendants have moved to dismiss this case on various
grounds.  For the reasons that follow, the defendants' motion is
granted in part and denied in part.

---

[1]The named defendants in the amended complaint are
Department of Correction, Dr. Birkowitz, Dr. Weine, Dr.
Thankappan and Dr. Bogdanoff.

I.    Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Thomas v. City of N.Y., 143 F.3d 31, 37 (2d Cir. 1998).  Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted.  See Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996) (quoting Grant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) (internal quotations omitted).  In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).  The Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

II. <u>Facts</u>

The court accepts as true the following allegations taken from the amended complaint and attached exhibits.

Glover was confined at the New Haven Correctional Center during his criminal trial in 1993. In October 1993, Glover was seen by the prison doctor for self-mutilation, he had a history of burning his private areas, and refusal to eat or leave his cell. In addition, Glover exhibited delusional, paranoid and grandiose behavior. Dr. Birkowitz directed that Glover be admitted to the hospital unit and recommended an injection of Haldol, a psychotropic medication. Glover did not want the injection. He leaped over the counter and hit the medic. Glover was restrained and injected. Thereafter, Glover signed a document consenting to treatment with Haldol. He states that he believed that he would be forcibly medicated if he refused to sign the document.

The medication caused him to be confused and prevented him from participating fully in his defense. Glover was represented by counsel both during his criminal trial and on direct appeal. Glover states that he did not understand the Connecticut Appellate Court's decision when he received it in 1996.

That same year, however, he filed a petition for writ of habeas corpus in state court. An attorney was appointed to

represent Glover on the state habeas petition.  Although Glover
states that the appeal of the denial of the habeas petition was
dismissed because he was too confused to file a brief, the
Connecticut Appellate Court returned Glover's motion for
extension of time because he was represented by counsel.  Glover
is not challenging his conviction in this action.

Sometime later, while he was confined at Garner Correctional
Institution in Newtown, Connecticut, Glover informed Dr.
Thankappan that he wished to discontinue his medication.  Dr.
Thankappan informed Glover that, if he did not take his
medication, he would be treated with other, more intensive,
treatment.  Glover interpreted this statement to be a threat.

In 1999, Glover again complained about his medication.  Dr.
Bogdanoff told Glover that he would have to be housed in a more
restrictive unit if he continued to have "problems" with his
medication.  Glover also interpreted this statement to be a
threat.

Unidentified doctors allowed Glover to discontinue his
medication in 2001.  Glover states that he only understood the
criminal proceedings that had taken place after he discontinued
the medication.

III. <u>Discussion</u>

The defendants raise five grounds in support of their motion to dismiss: (1) Glover's claims are barred by the statute of limitations, (2) Glover fails to state a claim for violation of his Eighth Amendment rights, (3) the defendants are immune under state law as to Glover's gross negligence claim, (4) Glover's claim against the Department of Correction is barred by the Eleventh Amendment and (5) the defendants are protected by qualified immunity.  Glover has not responded to the motion to dismiss or to the court's order informing him of his obligation to respond and affording him additional time to file his opposition.

A.    <u>Defendant Department of Correction</u>

Glover names as a defendant the Connecticut Department of Correction.  The defendants argue that the Eleventh Amendment bars any suit for damages against the state or a state agency. Glover seeks only declaratory relief in the complaint.  Because Glover has not requested an award of damages, this argument is inapplicable.

It is well-settled, however, that a state agency is not a "person" within the meaning of section 1983.  <u>See</u> <u>Fisher v. Cahill</u>, 474 F.2d 991, 992 (3d Cir. 1973) (state prison department cannot be sued under section 1983 because it does not fit the

5

definition of "person" under section 1983); <u>Grabow v. Southern State Correctional Facility</u>, 726 F. Supp. 537, 538-38 (D.N.J. 1989) (Department of Corrections not a person under section 1983); <u>Allah v. Commissioner of Dep't of Correctional Services</u>, 448 F. Supp. 1123, 1125 (N.D.N.Y. 1978) (New York Department of Correctional Services not a person under section 1983).

Because the Connecticut Department of Correction is not a person within the meaning of section 1983, all claims against this defendant are dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) as failing to state a claim upon which relief may be granted.

B.    <u>Timeliness of Claims</u>

The defendants also argue that the claims relating to Glover's competency during his criminal trial were filed after the expiration of the limitations period.

The limitations period for filing a section 1983 action is three years.  <u>See Lounsbury v. Jeffries</u>, 25 F.3d 131, 134 (2d Cir. 1994) (holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983).  Glover's criminal trial occurred in 1993 and his direct appeal concluded in 1998.  In addition, the appeal of

Glover's state habeas action occurred in 1998.  This action was
filed on October 23, 2002, the date Glover signed the original
complaint and, presumably, gave it to prison officials to be
mailed to the court.  See Dory v. Ryan, 999 F.2d 679, 682 (2d
Cir. 1993) (holding that a pro se prisoner complaint is deemed
filed as of the date the prisoner gives the complaint to prison
officials to be forwarded to the court)(citing Houston v. Lack,
487 U.S. 266, 270 (1988)).  Thus, this case was filed over three
years past the date for any activity in Glover's state court
actions.

In his complaint, Glover alleges that the limitations period
should be tolled until 2001, when he discontinued taking the
various medications.  The defendants contend that the limitations
period for the claims surrounding Glover's criminal trial expired
in 1996, three years after Glover was convicted or, assuming that
the limitations period can be tolled, in 1999, three years after
Glover became aware that his conviction was affirmed on direct
appeal and he was cognizant enough to file a state habeas
petition.  They noted that Glover alleges that he realized that
he had been convicted after two years and "[u]pon realizing his
situation, he filed a Habeas Corpus in 1996."[2]

---

[2]Although Glover states that he filed a habeas corpus
petition in state court in 1996, there is no indication of the
adequacy of the petition.  Thus, the court cannot ascertain

The defendants do not address Glover's equitable tolling argument in detail.  They only state that the fact that a criminal trial was held belies Glover's claim that the medication made him incoherent and unable to participate in his defense and argue that Glover suffered no prejudice from being medicated as he was represented by counsel at trial and on direct appeal.

Because the defendants have not fully addressed the applicability of equitable tolling, the motion to dismiss is denied on this ground.  The defendants may reassert this claim on a more fully developed record in a motion for summary judgment or at trial.

C.    Eighth Amendment Violation

The defendants also argue that Glover has not stated a claim for violation of his Eighth Amendment rights.

Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To prevail on such a claim, however, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference" to a serious medical need.  Id.

---

Glover's mental competence from the mere fact that the petition was filed.  The court notes that Glover was represented by counsel from the Office of the Public Defender in that action. Thus, he may only have submitted an initial habeas petition to the state court.

at 106.  A prisoner must show intent to either deny or
unreasonably delay access to needed medical care or the wanton
infliction of unnecessary pain by prison personnel.  See Id. at
104-05.  Mere negligence will not support a section 1983 claim;
the conduct complained of must "shock the conscience" or
constitute a "barbarous act."  McCloud v. Delaney, 677 F. Supp.
230, 232 (S.D.N.Y. 1988) (citing United States ex rel. Hyde v.
McGinnis, 429 F.2d 864 (2d Cir. 1970)).

     "Medical malpractice does not become a constitutional
violation merely because the victim is a prisoner."  Estelle, 429
U.S. at 106.  A treating physician will be liable under the
Eighth Amendment only if his conduct is "repugnant to the
conscience of mankind."  Tomarkin v. Ward, 534 F. Supp. 1224,
1230 (S.D.N.Y. 1982) (quoting Estelle, 429 U.S. at 105-06).
Inmates do not have a constitutional right to the treatment of
their choice.  See Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir.
1986).  Thus, mere disagreement with prison officials about what
constitutes appropriate care does not state a claim cognizable
under the Eighth Amendment.  See Ross v. Kelly, 784 F. Supp. 35,
44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506
U.S. 1040 (1992).

     There are both subjective and objective components to the
deliberate indifference standard.  See Hathaway v. Coughlin, 37

9

F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v.
Hathaway, 513 U.S. 1154 (1995).  The alleged deprivation must be
"sufficiently serious" in objective terms.  Wilson v. Seiter, 501
U.S. 294, 298 (1991).  See also Nance v. Kelly, 912 F.2d 605, 607
(2d Cir. 1990) (Pratt, J., dissenting) ("'serious medical need'
requirement contemplates a condition of urgency, one that may
produce death, degeneration, or extreme pain").  The Second
Circuit has identified several factors that are highly relevant
to the inquiry into the seriousness of a medical condition:
"'[t]he existence of an injury that a reasonable doctor or
patient would find important and worthy of comment or treatment;
the presence of a medical condition that significantly affects an
individual's daily activities; or the existence of chronic and
substantial pain.'"  Chance v. Armstrong, 143 F.3d 698, 702 (2d.
Cir. 1998) (citation omitted).

        In addition to demonstrating a serious medical need to
satisfy the objective component of the deliberate indifference
standard, an inmate also must present evidence that,
subjectively, the charged prison official acted with "a
sufficiently culpable state of mind."  Hathaway, 37 F.3d at 66.
"[A] prison official does not act in a deliberately indifferent
manner unless that official 'knows and disregards an excessive
risk to inmate health or safety; the official must both be aware

10

of facts from which the inference could be drawn that a
substantial risk of serious harm exists, and he must also draw
the inference.'" <u>Id.</u> (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825,
837 (1994)). "In certain instances, a physician may be
deliberately indifferent if he or she consciously chooses 'an
easier and less  efficacious' treatment plan." <u>Chance</u>, 143 F.3d
at 703 (quoting <u>Williams v. Vincent</u>, 508 F.2d 541, 544 (2d Cir.
1974)).

Glover does not allege that he was denied medical treatment.
Rather, he argues that he did not want the treatment provided.
In his amended complaint, Glover compares his claim to medical
malpractice.  He alleges no facts to show that the defendants
disregarded any risk of physical or psychological harm.  Instead,
the allegations reflect a disagreement about treatment which is
not cognizable under section 1983.  Accordingly, the defendants'
motion to dismiss is granted as to any Eighth Amendment claim.

When reviewing a pro se complaint, the court must liberally
construe the pleading and consider all possible claims that are
cognizable under the factual scenario alleged.

Glover has "a significant liberty interest in avoiding the
unwanted administration of antipsychotic drugs under the Due
Process Clause of the Fourteenth Amendment." <u>Washington v.
Harper</u>, 494 U.S. 210, 221-222 (1990); <u>see also</u> <u>Vitek v. Jones</u>,

11

445 U.S. 480, 491-94 (1980). "[T]he Due Process Clause permits
the State to treat a prison inmate who has a serious mental
illness with antipsychotic drugs against his will, if the inmate
is dangerous to himself or others and the treatment is in the
inmate's medical interest." <u>Washington v. Harper</u>, 494 U.S. at
227. Thus, the Due Process Clause permits prison officials to
treat Glover with psychotropic drugs against his will only if
Glover has been diagnosed with a serious mental illness, is
dangerous to himself or others and the prescribed treatment is in
Glover's best interest. The defendants did not address this
claim in their motion to dismiss.

     D.   <u>State Law Claim for Gross Negligence</u>

     Glover has included in his amended complaint a state law
claim that the actions of the defendants in prescribing
paychotropic drugs against his will constitute gross negligence.
The defendants argue that this claim is precluded under state
law.

     The defendants refer the court to Connecticut General
Statutes § 4-165 which provides that "[n]o state employee shall
be personally liable for damage or injury, not wanton, reckless
or malicious, caused in the discharge of his duties or within the
scope of his employment." They argue that they are immune from
Glover's claim under this statute.

This district had held that section 4-165 does not apply to claims for declaratory or injunctive relief. See In re State Police Litigation, 888 F. Supp. 1235, 1252 n.17 (D. Conn. 1995), appeal dismissed, 88 F.3d 111 (1996). See also Doe v. Heintz, 204 Conn, 17, 31-32, 526 A.2d 1318, 1326 (1987) (holding that sovereign immunity is not a defense to claims for declaratory and injunctive relief). As noted above, Glover seeks only declaratory relief in his amended complaint. Thus, section 4-165 is not a defense to the state law claim for gross negligence. The defendants' motion to dismiss is denied on this ground.

    E.    Qualified Immunity

    Finally, the defendants argue that they are protected by qualified immunity. The doctrine of qualified immunity "shields government officials from liability for damages on account of their performance of discretionary official functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Rodriguez v. Phillips, 66 F.3d 470, 475 (2d Cir. 1995) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). As indicated above, Glover does not seek damages. Thus, defendants' argument is inapplicable. The motion to dismiss is denied on this ground.

13

IV.   <u>Conclusion</u>

The defendants' motion to dismiss [**doc. #14**] is **GRANTED** as to the Eighth Amendment claim and **DENIED** without prejudice in all other respects.   The claims against the Department of Correction are dismissed pursuant to 28 U.S.C. § 1915(e)(20(B)(ii).

**SO ORDERED** this ___17TH___ day of November, 2003, at Hartford, Connecticut.

                                                 _____
Alfred V. Covello
United States District Judge

14