UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONALD GLOVER                           :
                                        :         PRISONER
    v.                                  :    Case No. 3:02CV1953(AVC)(TPS)
                                        :
DEPARTMENT OF                           :
CORRECTION, et al.                      :

RULING ON MOTION TO REOPEN JUDGMENT

On November 16, 2005, the court granted defendants' motion for summary judgment on the ground that plaintiffs' claims are time-barred and that he is not entitled to have the limitations period equitably tolled. Plaintiff now moves to reopen the judgment on the ground that the court failed to consider his third memorandum in opposition to defendants' motion that was filed on November 15, 2005. The court considers plaintiff's motion as a motion for reconsideration and, for the reasons that follow, denies the relief requested.

Defendants filed their motion for summary judgment on September 21, 2005. On September 27, 2005, plaintiff filed his motion for extension of time to respond to the motion for summary judgment. The court granted the motion and afforded plaintiff until November 30, 2005, to file his memorandum in opposition to the motion. On September 28, 2005, the court issued a notice informing plaintiff of the contents of a proper response to a

motion for summary judgment.  Plaintiff filed two memoranda, the first on October 12, 2005, the second on October 19, 2005.

Because the court had received plaintiff's opposition, it proceeded to rule on the motion for summary judgment.  The court filed its ruling on November 16, 2005.  Plaintiff filed a third memorandum in opposition to the motion for summary judgment while the court was reviewing the file.  The third memorandum was received and docketed by the Clerk's office on November 15, 2005.  Plaintiff now moves to reopen judgment on the ground that the court failed to consider the arguments he raised in the third memorandum.

Plaintiff seeks reconsideration of the judgment dismissing this case.  The court considers this motion as filed pursuant to Rule 7(c), D. Conn. L. Civ. R., and Rule 59(e), Fed. R. Civ. P.  See City of Hartford v. Chase, 942 F.2d 130, 133 (2d Cir. 1991) (considering motions for reconsideration of a judgment the same as a motion for amendment of the judgment).  These motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  The function of a motion for reconsideration is to present the court with an opportunity

to correct "manifest errors of law or fact or to consider newly discovered evidence ...." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

The court has reviewed the third memorandum in opposition to the motion for summary judgment, in which plaintiff again addresses the merits of his claim. The court, however, did not grant summary judgment on the merits. Instead, the court determined that plaintiff's claims were time-barred and he failed to satisfy the requirements to have the limitations period equitably tolled. Plaintiff does not address these arguments in his memorandum. Thus, plaintiff has presented no facts or arguments in his third memorandum in opposition to defendants' motion for summary judgment, that would alter the court's conclusion that his claims are time-barred.

Plaintiff's motion to reopen this case [**doc. #44**] is **DENIED**.

**SO ORDERED** this 31st day of January, 2006, at Hartford, Connecticut.

                                         /s/ Alfred V. Covello
                                         Alfred V. Covello
                                         United States District Judge